Clarence G. HAMMEL, Petitioner–
Appellant,

v.

Hal SIMPSON, State Engineer; Rio
Grande Canal Water Users Associa-
tion, Respondents–Appellees.

No. 03SA36.

Supreme Court of Colorado,
En Banc.

Feb. 2, 2004.

Anthony L. Martinez, Salida, Colorado, At-
torney for Petitioner–Appellant.

Ken Salazar, Attorney General, Lori J.
Coulter, Assistant Attorney General, Shana
Smilovits, Assistant Attorney General, Den-
ver, Colorado, Attorneys for Respondents–
Appellees.

PER CURIAM.

In this abandonment case, we apply the
principles of law governing abandonment of a
water right in Colorado. The critical ele-
ment in any abandonment case is intent.
*Haystack Ranch, LLC v. Fazzio*, 997 P.2d
548, 552 (Colo.2000). Abandonment need not
be proved directly; the water court may
infer the intent to abandon from the facts of
the case. Here, the trial court found that no
beneficial use of water from the decreed well
was made from at least 1974 to 1998.

Once a presumption of intent to abandon is
established by non-use of water for ten
years; the burden shifts to the owner of the
water right to rebut this presumption. § 37–
92–402(11), 10 C.R.S. (2003); *East Twin
Lakes Ditches & Water Works, Inc. v. Bd. of
County Comm'rs*, 76 P.3d 918 (Colo.2003).
In order to rebut the presumption, the owner
of the water right must present more than
mere subjective declarations of a lack of in-
tent to abandon the water right. Rather, the
owner "must establish some fact or condition
that excuses the nonuse or shows the owner's

intent not to abandon the water right."
*Haystack Ranch*, 997 P.2d at 552.

Because our review of the record does not
disclose any evidence rebutting the presump-
tion of abandonment, we affirm the water
court's order.